F I L E D
United States Court of Appeals
Tenth Circuit

APR 23 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY HAWKINS, JR.,

   Petitioner-Appellant,

v.

FRED LAWRENCE,

   Respondent-Appellee.

No. 02-3361
(D.C. No. 01-CV-3340-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2241 federal prisoner appeal. On June 30, 1986, Mr. Hawkins was convicted in the Western District of Missouri of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribution of cocaine and sentenced to fifteen years, with a three-year term of special parole. Mr. Hawkins was paroled on August 15, 1991, and was to remain under parole supervision until April 14, 2002, when his three-year special parole term would begin. Between 1992 and 2001 Mr. Hawkins' parole was revoked four times for various violations. The fourth time his parole was revoked, he waived a hearing and accepted responsibility for the parole violations.

In his § 2241 petition, Mr. Hawkins alleges violations of his due process rights in connection with his parole revocation. As relief, Mr. Hawkins has requested that he either be (1) transferred to a half-way house, (2) given house arrest, or (3) given credit for time served. Mr. Hawkins has also filed an amendment to his brief in which he requests punitive damages. As the monetary damages issue is raised for the first time on appeal, that issue is not properly before this court.

Subsequent to the filing of his petition, Mr. Hawkins was placed in a half-way house. Because Mr. Hawkins had received the relief he requested, the district court held that there was no longer any controversy to resolve and dismissed the petition as moot. We agree that the petition is moot and was correctly dismissed. We also conclude that Mr. Hawkins' request for monetary damages is not properly before this court and does not, therefore, represent an actual controversy to be resolved.

We have carefully reviewed Mr. Hawkins' brief, the district court's disposition, and the record on appeal. For substantially the same reasons as set forth by the district court in its Order of September 13, 2002, adopting the magistrate judge's recommendation, we agree with the disposition of the district court.

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge